
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62426-CIV-COHN/SELTZER

SAMUEL SCOTT,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Foreign
Corporation, and VICTOR ESPOSITO,

      Defendants.
_____/

### ORDER DENYING MOTION FOR REMAND

**THIS CAUSE** is before the Court on Plaintiff Samuel Scott's Motion for Remand [DE 7]. The Court has considered the motion, Defendants Home Depot U.S.A., Inc. and Victor Esposito's Response [DE 16], and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

On October 10, 2011, Plaintiff brought this action in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. Complaint [DE 1-2 at 2-5]. Thereafter, on November 14, 2011, Defendants removed the action to this Court based on diversity jurisdiction. Notice of Removal [DE 1]. On December 8, 2011, Plaintiff moved to remand this case to state court for lack of subject matter jurisdiction.

### II. DISCUSSION

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed.

---

[1]     Plaintiff has not filed a reply, and the time for doing so has passed.

1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement."). The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In the instant motion, Plaintiff contends that remand is necessary because Defendants have not met their burden to show diversity or the requisite amount in controversy. As described below, the Court finds that complete diversity exists and that the amount in controversy exceeds $75,000.

### A. Diversity

Plaintiff claims that this case lacks complete diversity. "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994). There is no dispute that Plaintiff is diverse from Defendant Home Depot, as Plaintiff is a citizen of Florida, Compl. ¶ 2; Notice of Removal ¶ 4, and Home Depot is a citizen of Georgia or Delaware, Notice of Removal ¶ 4; see also Compl. ¶ 3 ("a Foreign Corporation"). There

is also no dispute that Defendant Victor Esposito is a citizen of Florida.  See Notice of Removal ¶¶ 9-11; Mot. at 2 ¶ 6 ("Defendant Victor Esposito is as resident of Broward County, Florida"); see also Resp. at 1-4.  Thus, on the face of the pleadings, there is a lack of complete diversity that would preclude removal of this case to federal court.  However, Defendants contend that Mr. Esposito was fraudulent joined, and therefore, his Florida citizenship does not defeat diversity.  See Notice of Removal ¶¶ 9-11; Resp. at 1-4.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  Joinder is deemed fraudulent if (1) there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant, (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts, or (3) a diverse defendant is joined with a non-diverse defendant where there is no joint, several, or alternative liability and no real connection between the claims against the diverse defendant and the non-diverse defendant.  Id.  The "heavy" burden of proving allegations of fraudulent joinder rests on the removing party.  Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  Defendants have met this burden here.

Plaintiff's Complaint concerns injuries sustained in an accident that took place in a Home Depot store "[o]n or about March 2, 2010." See Compl. ¶¶ 6-7.  According to Defendants' response and the Affidavit of Victor Esposito [DE 16-1] ("Esposito Affidavit"), Mr. Esposito did not work at Home Depot on the date of the accident.  As Mr. Esposito states, "I did not commence working for Home Depot, U.S.A., Inc. until

September 14, 2010.  Accordingly it would have been impossible for me to have played any role whatsoever in Plaintiff's alleged accident." Esposito Affidavit ¶ 5.  As such, joinder is fraudulent because "there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant." Triggs, 154 F.3d at 1287.  Therefore, complete diversity exists despite Mr. Esposito's Florida citizenship.

### B. Amount in Controversy

Next, Plaintiff argues that Defendants have failed to meet their burden to show that the amount in controversy exceeds $75,000.  Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  A defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010).  District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)).  A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).  Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal.  See Roe, 613 F.3d at 1063.

Here, Plaintiff has made an unspecified demand for damages. See Compl. ¶ 1 ("This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars."). Thus, Defendants bear the burden of establishing the amount in controversy by a preponderance of the evidence. Williams, 269 F.3d at 1319. In an effort to meet this burden, Defendants point to Plaintiff's pre-suit demand letter. See Notice of Removal ¶¶ 3, 12; Resp. at 4; Pre-Suit Demand Letter [DE 1-1] at 3. As a document that existed at the time of removal, the pre-suit demand letter and the facts contained therein are permissible evidence of the amount in controversy. See Pretka, 608 F.3d at 755; see also AAA Abachman Enters. v. Stanley Steemer Int'l, Inc., 268 Fed. App'x 864, 866 (11th Cir. 2008) (considering demand letter when deciding amount in controversy); Katz v. J.C. Penny Corp., 2009 WL 1532129, at **6-7, (S.D. Fla. June 1, 2009) (same).

In the letter, Plaintiff offered to settle the case for $500,000 based on "the actual out of pocket expenses to date and absolute certainty of future expenses." Pre-Suit Demand Letter at 3. The letter explains the treatment that Plaintiff underwent for his leg and his lower back after the accident. See id. at 1-2. According to the letter,

> On September 3, 2010, [Plaintiff] presented himself to see Nile Lestrange, M.D., orthopaedic surgeon, for a surgery consultation. After a thorough examination and review of the lumbar MRI provided by the patient, Dr. Lestrange recommended an evocative discography of the lumbar spine with disc decompression under fluoroscopy. The surgery was scheduled and took place on October 1, 2010. Discograms were performed by Emilio Zuarez, M.D., which demonstrated positive level at L405 disc. A disc decompression with discectomy was performed at this level.

Id. at 2. On December 17, 2010, at the final evaluation and summary, Dr. Lestrange found that Plaintiff "had reached the point of maximum medical improvement and rated him as having 8% permanent physical impairment of the body as a whole for the lumbar

5

spine." Id.  Additionally, the letter details that Plaintiff's medical bills, as of the date of the letter, totaled $38,462.27.  See id. at 2-3.  Based on Plaintiff's injuries, his surgery, and his permanent physical impairment, as well as the $38,462.27 in medical expenses already incurred and the Court's own judicial experience and common sense, the undersigned finds that a preponderance of the evidence shows that the amount in controversy exceeds $75,000.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of January, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF